## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JACOB SMITH,**
      **Plaintiff,**

                                    **Case No. 2:20-cv-3755**
**v.**                                  **JUDGE EDMUND A. SARGUS, JR.**
                                    **Magistrate Judge Kimberly A. Jolson**

**FIRSTENERGY CORP. AND**
**FIRSTENERGY SERVICE CO.,**
      **Defendants.**

---

**BRIAN HUDOCK AND CAMEO**
**COUNTERTOPS, INC.,**
      **Plaintiff,**

                                    **Case No. 2:20-cv-3954**
**v.**                                  **JUDGE EDMUND A. SARGUS, JR.**
                                    **Magistrate Judge Kimberly A. Jolson**

**FIRSTENERGY CORP., et al.,**
      **Defendants,**

---

**JAMES BULDAS,**
      **Plaintiff,**

                                    **Lead Case No. 2:20-cv-3987**
**v.**                                  **JUDGE EDMUND A. SARGUS, JR.**
                                    **Magistrate Judge Kimberly A. Jolson**

**FIRSTENERGY CORP., et al.,**
      **Defendants.**

---

## OPINION AND ORDER

      This matter is before the Court on Defendants' Motions to Reconsider or Vacate the

Order Granting of Class Certification.  (ECF Nos. 81, 82, 83 in Case No. 2:20-cv-3987[1]); (ECF

---

[1] The Court has designated Case No. 2:20-cv-3987 as the lead case in these three consolidated actions.  Therefore, unless otherwise noted, all citations are to this lead case's docket.

Nos. 84, 85, 86 in Case No. 2:20-cv-3954); and (ECF Nos. 78, 79, 80 in Case No. 2:20-cv-3755). For the reasons set forth below, the Court **GRANTS** Defendants' Motions.

**I.**

In the summer of 2020, former Speaker of the Ohio House of Representatives Larry Householder and his political associates were indicted for a $60 million-dollar On March 5, 2021, this Court issued a Scheduling Order that contained deadlines for the class certification briefing. (ECF No. 48.) federal racketing conspiracy. The criminal complaint alleged that in exchange for hefty bribes from "Company A," Householder and members of his racketeering enterprise ("Householder Enterprise") worked to pass and uphold House Bill 6 ("HB 6"), a near billion-dollar nuclear power plant bailout for "Company A" and its affiliates. According to the Complaint, it is widely known that "Company A" is FirstEnergy Corp.

On July 27, 2020, the first of these three consolidated civil cases was filed in this Court. Plaintiffs, individual and commercial ratepayers of FirstEnergy Corp., bring civil claims on behalf of a proposed class against Defendants, FirstEnergy Corp., FirstEnergy Service Co., and various individuals in decision-making roles at either entity. Plaintiffs allege that as a result of FirstEnergy's racketeering alongside the Householder Enterprise, they have been injured by having to pay costs and fees set forth in HB 6.

In October 2020, Defendants moved to dismiss these consolidated cases for failure to state a claim upon which relief could be granted. (ECF No. 30.) After full briefing, the Court denied the request for dismissal. (ECF No. 43.)

The following month, November 2020, Defendants moved to stay this action "pending final resolution of the related criminal case that forms the basis of Plaintiffs' claims." (ECF No.

32 at 1.)  After full briefing, the Court denied the request to stay pending resolution of the criminal action.  (ECF No. 44.)

On March 5, 2021, this Court issued a Scheduling Order.  (ECF No. 48.)

On June 28, 2021, Plaintiffs filed their Motion for Class Certification.  (ECF No. 68.)

On November 9, 2021, the Court granted as unopposed the Motion for Class Certification.  (ECF No. 76.)

On November 12, 2021, Defendants filed their Motions to Reconsider or Vacate the Order Granting of Class Certification.  (ECF Nos. 81, 82, 83 in Case No. 2:20-cv-3987.) Plaintiffs filed a memorandum in opposition (ECF No. 85) and Defendants filed a consolidated reply (ECF No. 86).

## II.

Although the Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders, the authority for a district court to hear such motions is found in both the common law and in Rule 54(b) of the Federal Rules of Civil Procedure. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir.  2004) *Rodriguez,* 89 Fed. Appx. at 959.  A district court's authority to reconsider its previous orders has been recognized to afford such relief as justice requires.  *Id.* 952.  Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or, (3) a need to correct a clear error or prevent manifest injustice.  *Id.* (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

**III.**

Defendants request reconsideration of this Court's granting as unopposed Plaintiffs'

Motion for Class Certification.  Defendants argue:

> The FirstEnergy Defendants respectfully ask the Court to withdraw or vacate its
> order granting Plaintiffs' motion for class certification (the "Certification Order")
> because the Court issued it before Defendants' response to the motion was due.
>
> Under the Scheduling Order, Defendants' response is due "30 days after . . . the
> transcripts from all depositions of named Plaintiffs and Plaintiffs' experts are
> available." ECF 43 ("Scheduling Order") ¶ 4(e). Those depositions have not yet
> occurred; accordingly, Defendants' deadline to respond has not yet passed.
>
> The Court was therefore mistaken when it understood the class certification motion
> to be "unopposed." ECF 73 at 3. The motion is very much opposed, and the
> FirstEnergy Defendants have a right to submit their written opposition and
> accompanying materials by the deadline set forth in the Scheduling Order.

(Mots. to Reconsider or Vacate at 1.)

Plaintiff responds, *inter alia*, that the parties modified the Scheduling Order without the

Court's permission, even though they suggested twice that Defendants should request a

conference with the Court regarding the deadlines.  Plaintiffs conclude that because the

Defendants are in violation of the Court's Scheduling Order, the Court should deny their request

to reconsider its class certification order.

Defendants reply:

> The parties never agreed to any such modification [of the Scheduling Order], and
> FirstEnergy would never purport to alter a deadline for a court filing without the
> Court's express approval. Rather, the deadline remains the same as it always was,
> as set forth in the Scheduling Order: "30 days after . . . the transcripts from all
> depositions of named Plaintiffs and Plaintiffs' experts are available."  Scheduling
> Order, ¶ 4(e).

(Reply at 2.)

This Court, however, disagrees.

The parties did in fact alter deadlines set by this Court in its Scheduling Order.  The scheduling Order to which Defendants refer, states in relevant part:

> c. Plaintiffs must make all named plaintiffs available for deposition *within 21 days of the filing of the class certification motion* [June 28, 2021]. The parties shall coordinate to determine suitable dates for depositions within this timeframe.
>
> . . . .
>
> e. *Not later than 30 days after* the later of (1) *the transcripts from all depositions of named plaintiffs and Plaintiffs' experts are available* or (2) Plaintiffs have provided responses to all written discovery served and all objections have been resolved by final judicial order, *Defendants shall file and serve all responses to Plaintiffs' motions for class certification,* shall identify all expert witnesses they may use in opposition to class certification, and shall serve all reports and other materials required by Fed. R. Civ. P.26(a)(2).

(Scheduling Order at 4.)

Plaintiffs filed their Motion for Class Certification on June 28, 2021.  To comply with the Scheduling Order, the parties were required to agree to schedule depositions of the named plaintiffs **before July 19, 2021**.  *This has not occurred – even now four months after this deadline*.  Nor has either party asked this Court to amend or alter its Scheduling Order.  The paragraph relied upon by Defendants, was never triggered because the parties never complied with the previous paragraphs.  Thus, the parties are in violation of this Court's Scheduling Order.

While the Court is not privy to why the named plaintiffs' depositions have not yet been held, or even yet been scheduled, the parties provide an email chain that begins on September 9, 2021, *two months after the deadline* set by the Court, discussing when to schedule the depositions.  (ECF No. 78-2.)  In that September 9 email chain, FirstEnergy asked that Plaintiffs provide dates for the depositions of the named plaintiffs preferrable before September 26. Defendants followed up on September 15, with the following:

> Please let us know by COB Friday *which of the following dates will work for depositions*: October 5, 7-8, 12, 14-15, 24-29.

*Id.* at 5.

On that same day, September 15, 2021, Plaintiff responded as to *which of the following dates would work for depositions*:  "Plaintiff Brian Hudock is available on Oct. 5 at 10 a.m. or later; Plaintiff Jacob Smith is available on Oct. 7; and, Plaintiff James Buldas is available on Oct. 8."  *Id.* at 4–5.

Defendants replied, also that same day, but did not discuss noticing the depositions for the three days that had been offered by Defendants and accepted by Plaintiffs.  Defendants also did not indicated that the dates offered a few hours before had become unavailable.  Instead, Defendants insisted that "[w]hat [they] need is each and every date that your clients are available in the window provided so we may determine for which dates we will notice the depositions."  *Id.* at 2.

Plaintiffs refused to provide "each and every date [they] were available."  Now, two months later, the depositions are still unscheduled.

This case was filed nearly a year and a half ago and the Scheduling Order affecting class certification was issued nine months ago.  The parties have been in violation of the Scheduling Order for nearly six months.  While this Court denied Defendants' previous motion to stay this case, the parties' conduct is essentially a *de facto* stay.

Accordingly, Defendants do not, as they contend, "have a right to submit their written opposition."  Nevertheless, this Court endeavors, whenever possible, to decide issues on the merits.  Thus, even though Defendants are in violation of this Court's order, it will grant their request for reconsideration, vacate the decision certifying this case as a class action, and provide them the opportunity to respond to the motion for class certification.

**IV.**

For the reasons set forth above, the Court:

*\*__GRANTS__* Defendants' Motions for Reconsideration: (ECF Nos. 81, 82, 83 in Case No. 2:20-cv-3987); (ECF Nos. 84, 85, 86 in Case No. 2:20-cv-3954); and (ECF Nos. 78, 79, 80 in Case No. 2:20-cv-3755), and

*\*__VACATES__* the decision granting class certification (ECF No. 77 in Case No. 2:20-cv-3987); (ECF No. 79 in Case No. 2:20-cv-3954); and (ECF No. 73 in Case No. 2:20-cv-3755).

The Court will issue a scheduling order forthwith.

**IT IS SO ORDERED.**


**11/19/2021**                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                          **EDMUND A. SARGUS, JR.**
                                                  **UNITED STATES DISTRICT JUDGE**

7
